# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| COBBLER NEVADA, LLC, | ) |
| Plaintiffs, | ) Case No. 15-cv-05283 |
| v. | ) Judge Sharon Johnson Coleman |
| DOES 1–38, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cobbler Nevada, LLC, ("Cobbler") filed this copyright infringement action against Does 1-38 alleging that these as-yet-unidentified members of a BitTorrent swarm engaged in the unauthorized distribution of Cobbler's copyrighted motion picture "The Cobbler." Doe 38 now moves to dismiss Does 2–38 from this action because they are improperly joined. For the reasons set forth below, the motion [15] is denied.

In its Complaint, Cobbler alleges that Does 1-38 acted in a collective and interdependent manner via the internet to reproduce, exchange, and distribute its copyrighted motion picture, "The Cobbler." (Compl. ¶ 15). According to Cobbler, each defendant intentionally participated in a BitTorrent swarm, through which each participant obtained, and subsequently distributed, the same seed file of Cobbler's motion picture. (Compl. ¶¶ 15–17). Cobbler further alleges that, by participating in the swarm at some time between March 21st, 2015 and April 14th, 2015, each defendant participated in the same transaction, occurrence, or series of transactions or occurrences as the other defendants in the swarm. (Compl. ¶ 16, Ex. B).

Before turning to the motion now at issue, a description of the BitTorrent protocol is appropriate:

1

> BitTorrent is a software protocol that facilitates the practice of peer-to-peer file sharing used to distribute large amounts of data over the internet. To share information using BitTorrent, an initial file-provider (the "seeder") elects to share an initial file, called a "seed," with a torrent network. The file to be distributed is divided into segments called "pieces." Other users ("peers") intentionally connect to the seed file to download it. As each peer receives a new piece of the file, the peer also immediately becomes a source of that piece for other peers, relieving the original seeder from having to send that piece to every peer requesting a copy. This is the key difference between BitTorrent and earlier peer-to-peer file sharing systems: "BitTorrent makes file sharing a cooperative endeavor." It is "Architecturally impossible for any peer on any network to take without giving."
>
> After a peer completely downloads the file, it continues to transmit pieces of the file to other users until it disconnects from BitTorrent. As additional peers request and receive pieces of the same file, each user becomes a part of the network from which the file can be downloaded. As more users join the network, the speed and efficiency of downloads increases. The group of seeders and peers uploading and downloading the identical file are called a "swarm." While connected to the swarm, users continuously download pieces of the file until they have obtained a complete file and continuously upload pieces of the file to other users in the swarm. Even after a user exits the swarm, the identical file pieces that the user downloaded from other users and then shared with peers continue to circulate throughout the swarm. BitTorrent swarms can survive continuously for months or even years."

*Osiris Entm't, LLC v. Does 1-38*, No. 13 C 4901, 2013 WL 4478908, at *1 (N.D. Ill. Aug. 20, 2013) (Tharp, J.) (citations omitted).

Rule 20 governs the permissive joinder of parties and provides that multiple defendants may be joined in any action where "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The joinder of parties and claims is strongly encouraged, *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138 (1966), although this Court also has broad discretion to add or drop a party or sever any claim against a party when doing so will increase judicial economy or

avoid prejudice to the litigants. Fed. R. Civ. P. 21; *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985).

In his motion, Doe 38 asserts that Cobbler has failed to properly allege joinder because it did not allege that the defendants accessed the same swarm at or around the same time. The question of whether multiple defendants can properly be joined in one suit based on their non-contemporaneous participation in a BitTorrent swarm is a subject of extensive ongoing debate. *Compare Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 U.S. Dist. LEXIS 31228, at *13 (N.D. Ill. Mar. 7, 2013) (Kendall, J.) ("[T]o join multiple defendants in a single suit for copyright infringement based on the alleged use of the BitTorrent protocol, a plaintiff must either (1) establish that the defendants were simultaneously present in the same swarm, or (2) show that they accessed the swarm in close temporal proximity (within hours of one another, not days or weeks) such that it can plausibly be inferred that the defendants may have downloaded and uploaded content from the same series of transactions.") *with TCYK, LLC v. Does 1–44*, No. 13-cv-3825, 2014 WL 656786, at *3 (N.D. Ill. Feb. 20, 2014) (Dow, J.) (recognizing the growing trend in this district that participation in a swarm qualifies as engaging in a "series of transactions or occurrences," and reasoning that "[r]egardless of whether these forty-four defendants contemporaneously participated in the swarm, shared bits of the seed file with each other, or even shared bits of the file at all, each joined the swarm knowing that his participation increased the swarm's ability to disseminate a common seed file quickly and efficiently.").

Looking to both the plain language of Rule 20 and the substantial body of persuasive authority in this district, this Court finds that Rule 20(a)(1) does not require a single transaction, direct transactions, or temporal overlap. Accordingly, multiple defendants need not participate in the swarm at the same time in order to be properly joined. In particular, this Court finds especially persuasive Judge Gettleman's recent consideration of this issue:

> [T]he argument that joinder is proper only if defendants participated in the same swarm at the same time . . . ignores the fact that permissive joinder under Rule 20(a) does not require that defendants act in concert with each other, nor does it "have as a precondition that there be temporal distance or temporal overlap." All that is required is a logical relationship between the separate causes of action. To require plaintiffs to establish that the joined defendants shared information directly with each other construes Rule 20 too narrowly. Rule 20 is satisfied if defendants indirectly interact with one another through participation in a single swarm. "[I]t is important to consider that while a peer directly uploads to only a small number of peers, those peers in turn upload pieces to other peers that later join the swarm. Thus, a defendant's 'generation' of peers—peers that a defendant likely directly uploaded to—helped pass on pieces of the [file] to the next 'generation' of active peers."

reFX Audio Software, Inc. v. Does 1–111, No. 13 C 1795, 2013 WL 3867656, at *3 (N.D. Ill. July 23, 2013) (Gettleman, J.) (internal citations omitted).

Here, Cobbler alleges that each defendant used BitTorrent to participate in a BitTorrent swarm and to download and upload identical pieces of the same copyrighted work within the span of less than one month. These allegations are adequate to establish that the defendants acted as part of the same series of transactions or occurrences. Furthermore, the purpose of judicial efficiency is best served by the continued joinder of the parties at this stage of the litigation. This Court cautions, however, that it may sever the defendants at a later time if their continued joinder becomes unwieldy or if the defendants' individual defenses raise legal or factual differences that make their continued joinder inappropriate. Fed. R. Civ. P. 21.

For the reasons stated above, Doe 38's motion [15] is denied.

SO ORDERED.

October 23, 2015

Sharon Johnson Coleman
United States District Court Judge